IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:05CR582 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) |
| | ) **MOTION AND ORDER** |
| DANIEL JOSIC, | ) RE: FORFEITURE OF 1874 |
| | ) MARLOES AVENUE, EAST CLEVELAND, |
| Defendant. | ) <u>AS SUBSTITUTE PROPERTY</u> |

The United States of America, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) [as incorporated by 28 U.S.C. § 2461(c)], hereby moves to amend the preliminary order of forfeiture previously entered in this case to include the following property of defendant Josic as substitute property: 1874 Marloes Avenue, East Cleveland, Ohio, Permanent Parcel No. 672-24-063. The property is an apartment building, and is more fully described in the document attached hereto as Exhibit 1. Particularly, this motion is supported by the following:

1. On December 14, 2005, a federal grand jury sitting in this district returned an 18 count indictment against defendant

GRANTED -
see Order
6/13/07
CAB J.

Daniel Josic and two co-defendants. Count 1 charged Josic and both co-defendants with conspiracy to commit an offense [to wit: mail fraud (18 U.S.C. § 1341)], in violation of 18 U.S.C. § 371. Counts 2-13 charged Josic and both co-defendants with mail fraud, in violation of 18 U.S.C. § 1341. Count 14 charged Josic and one co-defendant with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). And, Counts 15-18 of the indictment charged Josic and one co-defendant with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A).

2. With respect to Count 1, the indictment further sought the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of "any and all property, real and personal, which constitutes or is derived from proceeds traceable to [Count 1]; including, but not limited to, the following:

a. the amount the defendants fraudulently collected as part of the scheme to defraud [to wit: at least $2 million].

b. Real property located at 1565 Scenic Hollow Drive, Rochester Hills, Oakland County, Michigan ... . Permanent Parcel Number: 15-04-206-009. [DANIEL JOSIC]"[1]

3. On June 1, 2006, defendant Josic entered pleas of guilty to the charges set forth in Counts 1-18 of the indictment.

---

[1] The Rochester Hills, Michigan, property has not been forfeited to the United States. By an Agreement filed March 21, 2007 [Dkt. No. 101], the United States agreed that defendant Josic may have until July 19, 2007, to sell the property. If the property is not sold by that date, the United States also intends to seek its forfeiture as substitute property.

2

4. Also as part of defendant Josic's plea agreement:

a.) The parties agreed that defendant Josic would deliver a certified check in the amount of $500,000.00 to the United States before sentencing, and within six (6) months of the date of execution of the plea agreement [to wit: by December 1, 2006];

b.) Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant Josic agreed to the forfeiture of all his right, title, and interest in the $500,000.00; and,

c.) Further, defendant Josic agreed that the $500,000.00 is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as is constitutes, or was derived from, proceeds traceable to the criminal activity charged in Count 1 of the indictment; to wit: conspiracy to commit mail fraud [18 U.S.C. § 1341].

5. On June 13, 2006, this Court entered a Preliminary Order of Forfeiture [Dkt. No. 52] as to the $500,000.00 to be paid by defendant Josic to the United States.

6. On May 29, 2007, defendant Josic was sentenced to a term of imprisonment of 55 months on each of the 18 counts of the indictment, to be served concurrently. Further, a fine of $250,000.00 was imposed and the forfeiture of the $500,000.00 was ordered.

7. To date, no part of the $500,000.00 has been paid by defendant Josic to the United States. Additionally, upon

3

investigation, the United States has failed to locate any property of defendant Josic [to wit: criminal proceeds], which could be forfeited directly under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). As a result, the $500,000.00 is unavailable for forfeiture under 21 U.S.C. § 853(p)(1)(A) [as incorporated by 28 U.S.C. § 2461(c)].

8. Pursuant to 21 U.S.C. § 853(p)(2), the United States is entitled to an order forfeiting other property of defendant Josic in substitution for the unavailable $500,000.00. Under § 853(p)(2), the United States may seek the forfeiture of substitute property, up to the value of $500,000.00.

9. By the instant motion, the United States seeks an order forfeiting the apartment building located at 1874 Marloes Avenue, East Cleveland, Ohio, Permanent Parcel No. 672-24-063, as substitute property. Defendant Josic is the record owner of the property.

10. Rule 32.2(e)(1)(B) of the Federal Rules of Criminal Procedure provides that the court may enter an order of forfeiture or amend an existing order of forfeiture <u>at any time</u> to order the forfeiture of substitute assets. Thus, the order may be entered after a preliminary order of forfeiture is entered but before it is final as to the defendant; after the order is final as to the defendant and while it is on appeal; and, after an appeal is final. See, <u>United States v. Hurley</u>, 63 F.3d 1 (1st

4

Cir. 1995)(court retains authority to order forfeiture of substitute assets after appeal is filed); United States v. Voigt, 89 F.3d 1050 (3d Cir. 1996)(following Hurley; court may amend order of forfeiture at any time to include substitute assets); United States v. Norton, 2002 WL 31039138 (W.D. Va. 2002)(same; following Hurley); United States v. Saccoccia, 62 F.Supp.2d 539 (D.R.I. 1999)(if district court retains jurisdiction to order forfeiture of substitute assets even though an appeal is filed, see Hurley, it follows that defendant's § 2255 petition does not interfere with district court's jurisdiction to amend order to include substitute assets); United States v. Messino, 907 F. Supp. 1231 (N.D. Ill. 1995) (the district court retains jurisdiction over forfeiture matters while an appeal is pending; court may order forfeiture of substitute assets and enter final order of forfeiture where no third party files a claim).

11. Once the court enters an order forfeiting substitute property, third parties claiming a legal interest in the substitute property may contest the forfeiture by filing claims in an ancillary [forfeiture] proceeding required by 21 U.S.C. § 853(n) and Rule 32.2(e)(2) of the Federal Rules of Criminal Procedure.

THEREFORE, pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States respectfully requests an order amending the preliminary order of

forfeiture previously entered in this case to include the following property of defendant Josic as substitute property: The apartment building located at 1874 Marloes Avenue, East Cleveland, Ohio, Permanent Parcel No. 672-24-063.

                Respectfully submitted,

                Gregory A. White
                United States Attorney

By: /s/ James L. Morford
    James L. Morford
    Assistant U.S. Attorney
    Reg. No. 0005657
    400 United States Court House
    801 West Superior Avenue
    Cleveland, Ohio 44113
    (216) 622-3743
    Fax: (216) 522-7499
    James.Morford@usdoj.gov

IT IS SO ORDERED. The Preliminary Order of Forfeiture [Dkt. No. 52] is hereby AMENDED to provide: The United States is hereby authorized to seize and take control of the apartment building located at 1874 Marloes Avenue, East Cleveland, Ohio, Permanent Parcel No. 672-24-063, and it hereby is forfeited to the United States under 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure as substitute property, for disposition in accordance with law.

    Further, it is also ORDERED as follows:

    1.) Promptly after the seizure of said property, the United States [pursuant to 21 U.S.C. § 853(n) and Rule 32.2(e)(2) of the Federal Rules of Criminal Procedure] shall initiate an ancillary proceeding relative to any alleged third party interests in the substitute property.

    2.) Under 21 U.S.C. § 853(p)(2), the United States may seek the forfeiture of additional substitute property, up to the value of $500,000.00.

FILED
JUN 13 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

Christopher A. Boyko
Christopher A. Boyko
United States District Judge
Date: 6/13/07 12:01 p.m.