IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR582 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL JOSIC, | ) | MOTION OF UNITED STATES TO DISMISS |
| | ) | THIRD PARTY PETITIONS; OR, IN THE |
| Defendant. | ) | ALTERNATIVE, FOR SUMMARY JUDGMENT |

On February 16, 2008, the following entity/persons filed petitions relative to the (criminal) forfeiture aspect of the above-captioned case: Marloes Apartments, LLC [Dkt. No. 129];[1] Nathaniel Josic [Dkt. No. 130]; Boyan Josic [Dkt. No. 130]; Philip Josic [Dkt. No. 130]; Doriel Josic [Dkt. No. 130]; Adina Josic [Dkt. No. 131]; and, Cora Tellez [Dkt. No. 132]. Therein, they claimed interests in the property forfeited to the United States on June 13, 2007, as "substitute property" [Dkt. No. 116]; to wit: the apartment building located at 1874 Marloes Avenue, East Cleveland, Ohio; Permanent Parcel No. 672-24-063, appraised

---

[1]  Marloes Apartments, LLC, is a wholly owned limited liability company of defendant Daniel Josic. [See, Dkt. No. 129: Petition of Marloes Apartments, LLC; Exhibit E, at p. 5.]

at between $440,000.00 and $660,000.00 (hereinafter, "the subject apartment building").

By this motion, the United States respectfully moves the Court to dismiss the petitions; or, in the alternative, for summary judgment.  In the ancillary proceeding stage of a criminal forfeiture action, the only grounds on which a third party can prevail are those set forth in 21 U.S.C. § 853(n)(6).  To contest a forfeiture under § 853(n)(6), a petitioner first must establish the threshold requirement that he/she has a "right, title, or interest" in the forfeited property.  In this case, the petitions of Nathaniel Josic, Boyan Josic, Philip Josic, Doriel Josic, Cora Tellez, and Adina Josic should be dismissed because they do not have any "right, title, or interest" in the subject apartment building.  Further, the petition of Marloes Apartments, LLC, should be dismissed because it cannot meet either the § 853(n)(6)(A) or the § 853(n)(6)(B) statutory standard; to wit: (i) At the time of defendant Josic's criminal offenses, Marloes Apartments, LLC, did not have any right, title, or interest in the subject apartment building [21 U.S.C. § 853(n)(6)(A)]; and, (ii) Marloes Apartments, LLC, is not a bona fide purchaser for value, who was "reasonably without cause to believe that the property was subject to forfeiture". [21 U.S.C. § 853(n)(6)(B).]

The background facts of the case are as follows:

1.   On December 14, 2005, a federal grand jury sitting in this district returned an 18-count indictment [Dkt. No. 1] against defendant Daniel Josic and two co-defendants.  Count 1 charged Josic and both co-defendants with conspiracy to commit an offense [to wit: mail fraud (18 U.S.C. § 1341)], in violation of 18 U.S.C. § 371.  Counts 2-13 charged Josic and both co-defendants with mail fraud, in violation of 18 U.S.C. § 1341.  Count 14 charged Josic and one co-defendant with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).  And, Counts 15-18 of the indictment charged Josic and one co-defendant with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A).

2.   With respect to Count 1, the indictment further sought the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of "any and all property, real and personal, which constitutes or is derived from proceeds traceable to [Count 1]; including, but not limited to, the following:

a.   the amount the defendants fraudulently collected as part of the scheme to defraud [to wit: at least $2 million].

b.   Real property located at 1565 Scenic Hollow Drive, Rochester Hills, Oakland County, Michigan ... . Permanent Parcel Number: 15-04-206-009. [DANIEL JOSIC]" [2]

---

[2]  The Rochester Hills, Michigan, property has **not** yet been forfeited.  However, a lis pendens has been filed against the property, and it is the intent of the United States to seek its

3. On June 1, 2006, defendant Josic entered pleas of guilty to the charges set forth in Counts 1-18 of the indictment.

4. With respect to forfeiture, defendant Josic's written plea agreement [Dkt. No. 49] provided as follows:

a.) The parties agreed that defendant Josic would deliver a certified check in the amount of $500,000.00 to the United States before sentencing, and within six (6) months of the date of execution of the plea agreement (to wit: by December 1, 2006);

b.) Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant Josic agreed to the forfeiture of all his right, title, and interest in the $500,000.00; and,

c.) Further, defendant Josic agreed that the $500,000.00 is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as it constitutes, or was derived from, proceeds traceable to the criminal activity charged in Count 1 of the indictment; to wit: conspiracy to commit mail fraud [18 U.S.C. § 1341].

5. Also in his written plea agreement, defendant Josic agreed to pay a fine of $250,000.00.

6. On June 13, 2006, this Court entered a Preliminary Order of Forfeiture [Dkt. No. 52] as to the $500,000.00 to be paid by defendant Josic to the United States.

7. Throughout the approximately one year period between

---

forfeiture as substitute property.

4

defendant Josic's guilty plea and the sentencing hearing, counsel for defendant Josic represented to the United States that the $500,000.00 forfeiture and the $250,000.00 fine would be paid through the sale of the subject apartment building and the re-financing/sale of the Rochester Hills, Michigan, property (referred to in paragraph 2(b), above). [See, e.g., Exhibit 1: E-mail from counsel for defendant Josic to AUSA James C. Lynch, dated September 27, 2006.]

8.   During this period (to wit: prior to the sentencing hearing), defendant Josic held clear title to the subject apartment building.  Particularly, defendant Josic received title to the property by a deed filed December 20, 2004, and recorded as Instrument No. 200412200596 in the Cuyahoga County Records. (See, Exhibit 2.)  But for certain tax liens,[3] the subject apartment building was mortgage/lien free.

9.   On May 29, 2007, defendant Josic was sentenced to a term of imprisonment of 55 months on each of the 18 counts of the indictment, to be served concurrently.  Further, the forfeiture of the $500,000.00 was ordered and the fine of $250,000.00 was imposed.

10.   No part of the $500,000.00 forfeiture or the $250,000.00 fine was paid by defendant Josic to the United States

---

[3] It appears that the Josic's have not paid the property taxes on the subject apartment building since 2004.  (See, Exhibit 3: Tax Certificates totaling $37,591.93.)

at or before the sentencing hearing.

11.  On Friday, May 25, 2007, the last business day before the sentencing hearing, five (5) mortgages were filed against the subject apartment building, including the mortgage to petitioner Cora Tellez ($50,000.00) and the mortgage to petitioners Nathaniel Josic ($76,200.00), Boyan Josic ($35,000.00), Philip Josic ($37,000.00), and Doriel Josic ($26,000.00). Copies of the mortgages are attached as Exhibits 4-5. [NOTE: The grantor of these mortgages was Marloes Apartments, LLC.  However, Marloes Apartments, LLC, was not the titled owner of the subject apartment building.  (See, e.g., Exhibit 6: Title Search Report prepared by Lawyers Title Insurance Corporation, Cleveland, Ohio.) Rather, as discussed at paragraph 8, defendant Josic was the owner of the property.]

12.  At the sentencing hearing, the following colloquy occurred between the Court and government counsel:

> THE COURT:    *All right.  Anything else, Mr. Lynch? Anything else on behalf of the Government?*
>
> MR. LYNCH:    *We have a request for -- if the Court would grant us permission to file lis pendens again[st] that Marloes property [to wit: the subject apartment building] to protect our interests.*

6

THE COURT:      *First of all, I'm not sure you need my*
                *permission.  Secondly, I believe I do*
                *have language or did recite language to*
                *the extent you can do that.*

MR. LYNCH:      *All right.  Thank you.*

THE COURT:      *Nothing shall prohibit the United States*
                *from executing a levy upon property.*

MR. LYNCH:      *Thank you. [Dkt. No. 123: Transcript of*
                *Sentencing Proceedings, at p. 55.]*

13.  On May 30, 2007, the day after the sentencing hearing, the United States filed a lis pendens against the subject apartment building.  (See, Exhibit 7: Lis Pendens.)

14.  On June 1, 2007, three (3) days after the sentencing hearing, defendant Josic quit-claimed the subject apartment building to Marloes Apartments, LLC.  (See, Exhibit 8: Quit Claim Deed.)[4]

15.  Immediately upon learning of the filing of the five (5) mortgages and the quit claim deed, the United States filed a motion with this Court for the forfeiture of the subject

---

[4] With respect to the petition of Adina Josic, it is noted that the quit claim deed contained the following provision: ". . . Adina Josic, wife of the said Grantor, does hereby join and execute this deed, but solely for the purpose of remising, releasing and forever quit claiming unto the said Grantee all right and expectancy of dower in and to the said Property."

apartment building as substitute property. [Dkt. No. 113: Motion for Forfeiture of Property, filed on June 5, 2007.]

16.  By this Court's Order dated June 13, 2007 [Dkt. No. 116], the subject apartment building was forfeited to the United States under 21 U.S.C. § 853(p) and Rule 32.2(e) of the Federal Rules of Criminal Procedure as substitute property.  The Order authorized the United States to seize and take control of the property.

17.  On June 15, 2007, the United States recorded the Court's Order dated June 13, 2007 [Dkt. No. 116], with the Cuyahoga County Recorder's Office.  (See, e.g., Exhibit 6: Title Search Report prepared by Lawyers Title Insurance Corporation, Cleveland, Ohio.)

18.  To date, no part of the $500,000.00 forfeiture or the $250,000.00 fine has been paid, and the United States has not yet seized the subject apartment building.  Rather, for the seven (7) months between June 2007 and January 2008, the United States cooperated with the "Josic family" in a proposed sale of the property for $870,000.00 and, later, for $660,000.00.

19.  On Thursday, January 10, 2008, the prospective buyer cancelled the proposed sale of the subject apartment building. Among other reasons, the "Josic family" failed to provide the prospective buyer with certain basic documentation relating to the property. [See, three (3) e-mails attached as Exhibit 9.]

8

20. On January 16, 2008, the United States filed a "Notice to Court". [Dkt. No. 125.] Therein, among other things, it was "not[ed] that in accordance with the Order dated June 13, 2007 [Dkt. No. 116], the United States will now seize and take control of the property."

21. Finally, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(e)(2) of the Federal Rules of Criminal Procedure, the United States has initiated ancillary [forfeiture] proceedings relative to any alleged third party interests in the subject apartment building. [See, Dkt. No. 126: Notice of Forfeiture.] On February 16, 2008, the following entity/persons filed petitions claiming interests in the property: Marloes Apartments, LLC [Dkt. No. 129]; Nathaniel Josic [Dkt. No. 130]; Boyan Josic [Dkt. No. 130]; Philip Josic [Dkt. No. 130]; Doriel Josic [Dkt. No. 130]; Adina Josic [Dkt. No. 131]; and, Cora Tellez [Dkt. No. 132].

## I. Petitions of Nathaniel Josic, Boyan Josic, Philip Josic, Doriel Josic, and Cora Tellez

Title 21, United States Code, § 853(n), sets forth an orderly procedure by which third parties claiming an interest in forfeited property may obtain a judicial determination of the validity of the claims or interests they assert. Particularly, § 853(n)(2) permits any person, other than the defendant, claiming an interest in forfeited property to petition the Court for a hearing to adjudicate the validity of that interest. In

9

their petitions dated February 16, 2008, petitioners Nathaniel Josic, Boyan Josic, Philip Josic, Doriel Josic and Cora Tellez claim interests based upon the mortgages filed against the subject apartment building on Friday, May 25, 2007, the last business day before the sentencing hearing.  It is respectfully submitted that each of the mortgages is invalid on its face and, accordingly, that the petitions should be dismissed; or, in the alternative, that the United States should be granted summary judgment.

As stated above, the only grounds on which a third party can prevail in the ancillary proceeding are those set forth in 21 U.S.C. § 853(n)(6)(A) and § 853(n)(6)(B).  A petitioner who cannot establish by a preponderance of the evidence that he/she falls into one of these two categories cannot prevail in the ancillary proceeding.  See, Pacheco v. Serendensky, 393 F.3d 348, 353 (2d Cir. 2004) [the petitioner must meet the conditions of either § 853(n)(6)(A) or § 853(n)(6)(B)]; United States v. Watkins, 320 F.3d 1279, 1282 (11th Cir. 2003) (§ 853(n)(6) protects only two classes of petitioners); United States v. Hooper, 229 F.3d 818 (9th Cir. 2000) (given the clear direction in § 853(n)(6) limiting recovery to two categories of claimants, the courts are not at liberty to  create additional grounds for relief); United States v. Kennedy, 201 F.3d 1324, 1335 (11th Cir. 2000)(the alternative grounds set forth in § 853(n)(6)(A) and

10

§ 853(n)(6)(B) are the only grounds for recovery in the ancillary proceeding); United States v. Hayes, 2006 WL 1228972, at *3 (W.D. La. 2006) (§ 853(n)(6) provides two narrow categories of claimants who will prevail in an ancillary proceeding); and, United States v. Salam, Inc., 191 F.Supp.2d 725, 727 (E.D. La. 2001) (the right to contest a criminal forfeiture is limited to "two narrow categories of third parties").  Under § 853(n)(6), the petitioner must establish either that: (i) he/she had a right, title, or interest in the property at the time of the commission of the criminal acts giving rise to the forfeiture [21 U.S.C. § 853(n)(6)(A)]; or, (ii) he/she is a bona fide purchaser for value, who was "reasonably without cause to believe that the property was subject to forfeiture" [21 U.S.C. § 853(n)(6)(B)]. See, United States v. Schecter, 251 F.3d 490, 495-496 (4th Cir. 2001) (forfeiture is effective at the time of the commission of the illegal act; to succeed with a third party claim, a third party must have had an interest in the property at that time, or must have acquired it later as a bona fide purchaser).

Additionally, and more fundamentally, both § 853(n)(6)(A) and § 853(n)(6)(B) require that the petitioner, in fact, have some legal interest in the forfeited property.  Accordingly, as a threshold matter, the petitioner must establish a "right, title, or interest" in the property.  In the instant case, petitioners Nathaniel Josic, Boyan Josic, Philip Josic, Doriel Josic, and

Cora Tellez do not have any right, title, or interest in the subject apartment building.

As discussed in paragraph 8, above, defendant Daniel Josic received title to the subject apartment building in 2004, by a deed recorded with the Cuyahoga County Recorder's Office on December 20, 2004. The mortgages were granted to the petitioners by "Marloes Apartments, LLC, the Grantor" on Friday, May 25, 2007. On that date, defendant Josic was the titled owner of the property, **not** Marloes Apartments, LLC. See, e.g., Exhibit 6: Title Search Report prepared by Lawyers Title Insurance Corporation, Cleveland, Ohio.

It is black letter law that "[n]o one can convey a better title than he or she has, and a transferee obtains no better title than his or her transferor had". Ohio Jurisprudence 3d (2004), Volume 80 (Real Property Sales and Exchanges), at § 63, p. 105. On May 25, 2007, Marloes Apartments, LLC, held **no** right, title, or interest in the subject apartment building. Therefore, the mortgages granted by Marloes Apartments, LLC, are invalid on their face and transferred **no** interest in the property to petitioners Nathaniel Josic, Boyan Josic, Philip Josic, Doriel Josic and Cora Tellez. The petitioners cannot establish the threshold requirement that they have a "right, title, or interest" in the forfeited property. Under 21 U.S.C. § 853(n)(6)(A) and § 853(n)(6)(B) their petitions should be

dismissed; or, in the alternative, summary judgment should be granted to the United States.[5]

## II.  Petition of Adina Josic

Adina Josic, the wife of defendant Daniel Josic, simply does not have a dower interest in the subject apartment building and, accordingly, her petition should be dismissed; or, in the alternative, summary judgment should be granted to the United States.  As discussed in footnote 4, above, the June 1, 2007, quit claim deed from defendant Josic to Marloes Apartments, LLC (Exhibit 8: Quit Claim Deed), contained the following provision: ". . . Adina Josic, wife of the said Grantor, does hereby join and execute this deed, but solely for the purpose of remising, releasing and forever quit claiming unto the said Grantee all right and expectancy of dower in and to the said Property." Petitioner Adina Josic has released any dower interest in the subject apartment building.

---

[5] As set forth in paragraph 14, above, defendant Josic quit claimed the subject apartment building to Marloes Apartments, LLC, on June 1, 2007, three (3) days following the sentencing hearing. (Exhibit 8: Quit Claim Deed.)  Should the petitioners argue that they somehow acquired a legal interest in the property as a result of this transaction, it is noted that any such interest would be insufficient to prevail against the United States under 21 U.S.C. § 853(n)(6)(A) or § 853(n)(6)(B).  Prior to the quit claim deed, the United States had filed its lis pendens against the property. (Exhibit 7: Lis Pendens, filed on May 30, 2007.)

### III. Petition of Marloes Apartments, LLC

Marloes Apartments, LLC, received its interest in the subject apartment building by the quit claim deed from defendant Daniel Josic on June 1, 2007, three (3) days after the sentencing hearing and two (2) days after the United States had filed its lis pendens against the property. (Exhibit 8: Quit Claim Deed; Exhibit 7: Lis Pendens.)  It is respectfully submitted that the interest of Marloes Apartments, LLC, is insufficient to prevail against the United States under 21 U.S.C. § 853(n)(6)(A) or § 853(n)(6)(B).  Accordingly, its petition should be dismissed; or, in the alternative, the United States should be granted summary judgment.

21 U.S.C. § 853(n)(6)(A)

As indicated above, § 853(n)(6)(A) provides that the court must declare the order of forfeiture "invalid" if a third party petitioner establishes that he/she has a legal right, title, or interest in the forfeited property that was vested in the petitioner rather than the defendant "at the time of the commission of the acts which gave rise to the forfeiture of the property".  21 U.S.C. § 853(n)(6)(A).  As courts have noted, this provision is the procedural complement to the relation back doctrine.  See, United States v. Hooper, 229 F.3d 818, 820 (9th Cir. 2000); United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement), 69 F.Supp.2d 36, 60

14

(D.D.C. 1999) (subparagraphs (A) and (B) are the procedural complements to the relation back doctrine).

Under the relation back doctrine, which is codified at 21 U.S.C. § 853(c), the United States' interest in the property vests at the time of the act giving rise to the forfeiture. Thus, for a third party (who is not a bona fide purchaser for value) to recover in the ancillary proceeding, he/she must show that he/she had a pre-existing interest in the property that prevented the United States' interest from vesting.  See, United States v. Nava, 404 F.3d 1119, 1129 (9th Cir. 2005) (because the United States' interest in the property vested at the time of the offense giving rise to the forfeiture under the relation back doctrine, petitioner can recover under § 853(n)(6)(A) only if her interest vested before that time); Pacheco v. Serendensky, 393 F.3d 348, 353 (2d Cir. 2004) (petitioner, who did not acquire her interest until after the crime giving rise to the forfeiture, must recover as a bona fide purchaser under § 853(n)(6)(B) or not at all); and, United States v. O'Brien, 181 F.3d 105, 1999 WL 357755, at *2 (6th Cir. 1999) (Table) (claimant, who lacked legal interest at the time the crime occurred, must assert claim under subparagraph (B) or not at all).

Essentially, § 853(n)(6)(A) is aimed at protecting [innocent] owners of property; to wit: § 853(n)(6)(A) would protect the owner of a vehicle who [innocently] loans the vehicle

15

to another person, and that person then uses the vehicle to facilitate some type of criminal activity.  In this example, the owner/third party had a legal interest in the vehicle at the time the vehicle became subject to forfeiture.  Therefore, the interest of the owner/third party would trump the United States' interest under the relation back doctrine.[6]

In the instant case, Marloes Apartments, LLC, did not have an interest in the subject apartment building "at the time of the commission of the acts which gave rise to the forfeiture of the property".  21 U.S.C. § 853(n)(6)(A).  In fact, Marloes Apartments, LLC, did not receive its interest in the property until June 1, 2007, three (3) days following the sentencing hearing. (Exhibit 8: Quit Claim Deed.)  Accordingly, by the time Marloes Apartments, LLC, received its interest in the property, defendant Josic already had been **sentenced** for the crimes giving rise to the forfeiture.  Under § 853(n)(6)(A), the interest of

---

[6] The subject apartment building was forfeited to the United States as "substitute property". [Dkt. No. 116.]  In the leading case of United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003), the Fourth Circuit held that a substitute asset is like any other asset subject to forfeiture; to wit: under the relation back doctrine, the United States' interest in the substitute asset vests at the time of the offense giving rise to the forfeiture, and no one can acquire an interest in the property after that time except for a bona fide purchaser.  See, also, United States v. O'Brien, 181 F.3d 105, 1999 WL 357755, at *2 (6th Cir. 1999) (Table) [assuming, without deciding, that third party must assert she had an interest in the substitute asset at the time the crime occurred in order to make a claim under § 853(n)(6)(A)].

16

Marloes Apartments, LLC, in the property is insufficient to
prevail against the United States.

21 U.S.C. § 853(n)(6)(B)

Section 853(n)(6)(B) applies to third party petitioners who
acquire their interest in the property after the crime giving
rise to the forfeiture, which is to say, after title to the
property has vested in the United States pursuant to the relation
back doctrine.  See, 21 U.S.C. § 853(c).  The purpose of
§ 853(n)(6)(B) is to create an exception to the relation back
doctrine for third parties who acquire an interest in the
property as bona fide purchasers for value who were, at the time
of the purchase, "reasonably without cause to believe that the
property was subject to forfeiture".  21 U.S.C. § 853(n)(6)(B).

In the instant case, Marloes Apartments, LLC, received its
interest in the subject apartment building by a quit claim deed
from defendant Josic on June 1, 2007, two (2) days after the
United States had filed its lis pendens against the property.
(Exhibit 8: Quit Claim Deed; Exhibit 7: Lis Pendens.)  It is
black letter law that a person who acquires an interest in
property after a lis pendens is filed on the property is on
notice that the property is subject to forfeiture and thus cannot
prevail in the ancillary proceeding.  See, Ohio Jurisprudence 3d
(2002), Volume 66 (Lis Pendens), at § 6, p. 345 ("The general
effect of the doctrine of lis pendens, is to charge third persons

17

with notice of the pendency of an action."); Pacheco v.
Serendensky, 393 F.3d 348, 351 (2d Cir. 2004) (the government had
filed a lis pendens on property; third party who acquired the
property could not have been the bona fide purchaser of the
defendant's forfeited interest); United States v. Register, 182
F.3d 820, 836 (11th Cir. 1999) [government may use a lis pendens
to preserve its interest in property subject to forfeiture
pending trial, because lis pendens puts potential purchaser on
notice that the property is subject to forfeiture; citing, United
States v. James Daniel Good Real Property, 510 U.S. 43, 58
(1993)]; and, United States v. 392 Lexington Parkway South, 386
F.Supp.2d 1062, 1071 (D. Minn. 2005)(under state law, lender has
no interest in the property until he records his mortgage; lender
recording his mortgage after a lis pendens is filed on the
property cannot be an innocent owner because he cannot show that
he was without reason to know the property was subject to
forfeiture at the time he acquired his interest).

Marloes Apartments, LLC, is not a bona fide purchaser for
value, who was "reasonably without cause to believe that the
property was subject to forfeiture".  Therefore, under
§ 853(n)(6)(B), the interest of Marloes Apartments, LLC, in the
subject apartment building is insufficient to prevail against the
United States.

18

## IV. Conclusion

Based upon the foregoing, it is respectfully submitted that the petitions of Marloes Apartments, LLC [Dkt. No. 129], Nathaniel Josic [Dkt. No. 130], Boyan Josic [Dkt. No. 130], Philip Josic [Dkt. No. 130], Doriel Josic [Dkt. No. 130], Adina Josic [Dkt. No. 131], and Cora Tellez [Dkt. No. 132] should be dismissed; or, in the alternative, the United States should be granted summary judgment.

Respectfully submitted,

William J. Edwards
Acting United States Attorney

By: /s/ James L. Morford
    James L. Morford
    Assistant U.S. Attorney
    Reg. No. 0005657
    400 United States Court House
    801 West Superior Avenue
    Cleveland, Ohio 44113
    (216) 622-3743
    Fax: (216) 522-7499
    James.Morford@usdoj.gov

19

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on this 6th day of March, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Additionally, a copy of the foregoing will be sent to the following by regular U.S. mail:

Timothy P. Assaf, Esq.
230 White Pond Drive, Suite A
Akron, Ohio 44313

/s/ James L. Morford
James L. Morford
Assistant U.S. Attorney